# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Keshone Owens,<br><br>                Plaintiff,<br><br>        v.<br><br>James Dzurenda, *et al*.,<br><br>                Defendants. | Case No. 2:19-cv-00126-RFB-BNW<br><br>**ORDER re ECF No. 47** |

Presently before the Court is Plaintiff Keshone Owens' motion for appointment of counsel. ECF No. 47. Defendants opposed the request. ECF No. 53. Plaintiff replied. ECF No. 56.

**I.      Procedural Background**

Plaintiff's complaint alleges the following: Plaintiff was convicted of multiple category B felonies in 2008. Under Nevada law, incarcerated persons can receive credits toward their sentences. The credits play a part in determining an inmate's eligibility for parole, expiration date, custody level, and program eligibility. The Nevada Department of Corrections ("NDOC") and the Nevada State Board of Parole Commissioners failed to properly apply credits to Plaintiff under NRS 209.4465(7)(B). This delayed Plaintiff's parole eligibility.

In 2015, a Nevada Supreme Court decision outlined the correct application of the credits. Defendants knew, as of that time, how the credits should be applied. Plaintiff filed a petition for a writ of habeas corpus based on the improper calculation of his credits, after which Defendants applied the credits correctly. Plaintiff attached the State's response to his petition as an exhibit. The State opposed the petition for habeas corpus as moot because NDOC had already changed

1   Plaintiff's parole eligibility date on his active sentences from January 20, 2023 to March 11,
2   2020. The State's response also noted that Plaintiff was sentenced on a total of 14 counts and, as
3   of the date of Plaintiff's petition for a writ of habeas corpus, Plaintiff still had sentences left to
4   serve associated with seven of those counts after being paroled on the sentences he was currently
5   serving. Based on these allegations, Plaintiff claims that Defendants violated his Fourteenth
6   Amendment right to due process, committed an ex-post facto violation, and subjected Plaintiff to
7   cruel and unusual punishment.

8   After screening Mr. Owens' complaint, this Court found that he had properly pled the ex-
9   post facto claim but dismissed with prejudice the Fourteenth Amendment due process claim and
10  the Eighth Amendment claim. ECF No. 8. The Court also denied the appointment of counsel at
11  that time. *Id.*

12  Plaintiff moves once again to appoint him counsel. ECF No. 47. Plaintiff requests counsel
13  for several reasons: (1) he argues the case is too complex and that he cannot understand the law
14  surrounding these issues; (2) he explains he is unable to properly investigate the case, and does
15  not know how to go about getting the names of the defendants he wishes to add (nor does he quite
16  understand who may be liable) or how to take depositions; (3) he has had to rely on a "jail house
17  lawyer" for all of his filings with the Court; (4) he explains Defendants have provided discovery
18  "for [his] eyes only," which creates a problem given his need to rely on others to help him; and
19  (5) he argues that counsel would be much better suited to prosecute the case than he is. Lastly, to
20  the extent the Court is not willing to provide counsel for all purposes, he requests that counsel be
21  appointed to help with discovery issues.

22  Defendants oppose Plaintiff's motions for appointment of counsel. ECF No. 53.
23  Defendants argue that Plaintiff has not met the standard for demonstrating exceptional
24  circumstances, which requires the Court to analyze Plaintiff's likelihood of success on the merits
25  and the complexity of the case. As to the first prong of the analysis, Defendants argue (1) Plaintiff
26  does not have sufficient admissible evidence to prove any retroactive increase in punishment, (2)
27  Plaintiff does not specify which programs or what custody level he should be afforded, and (3)
28  that Defendants have qualified immunity. As to the second prong, Defendants argue (1) Plaintiff

has been able to articulate his claim by filing multiple motions, oppositions and replies, (2) Plaintiff has participated in mediation, and (3) the case is not complex.

Plaintiff's reply argues the Court should not consider any current lack of evidence, that the immunity arguments has been discredited by this Court, that he relies on others for his filings, and that the mediation Defendants mention lasted three minutes. ECF No. 56.

**II.     Analysis**

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Plaintiff has some likelihood of success on the merits, as his ex-post facto claim has survived screening. *See* ECF No. 8. In addition, while the arguments surrounding this claim have not been fully briefed, the Court notes this involves the interpretation and analysis of a somewhat recent case (*Williams v. State Dept. of Corrections*, 402 P.3d 1260 (Nev. 2017)). The fact that

Plaintiff may not at this point have admissible evidence with regard to his claim does not necessarily mean he will not by the time summary judgment motions are briefed. Lastly, any issues surrounding immunity claims and any deficiencies in pleading have not resulted in the dismissal of this claim (as the claim survived a motion to dismiss).

In addition, Plaintiff's ability to articulate his claim *pro se* is substantially diminished by his need to rely on others to present his arguments, especially given his inability to share discovery with them. Given the need for Plaintiff to rely on others for his filings, the Court cannot credit the substance of the filings to Plaintiff himself. In its discretion, given the limitations existent in this case, this Court finds this case presents exceptional circumstances that justify appointing counsel in this case.

The Court will refer this case to the Court's Pro Bono Pilot Program to attempt to find an attorney to accept Plaintiff's case. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* If counsel is found for Plaintiff, the Court will issue an order appointing counsel, and counsel will contact Plaintiff. Plaintiff is reminded that until counsel is provided, he is still responsible for complying with all deadlines in his case, including the deadline to amend pleadings.

### III.   Conclusion and Order

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pilot Pro Bono Program adopted in General Order 2019-07 for the purpose of identifying an attorney willing to be appointed as a pro bono attorney for Plaintiff. **Plaintiff is reminded that he must comply with all deadlines currently set in his case, and there is no guarantee that counsel will be appointed.** If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this Order to the Pro Bono Liaison.

DATED: November 8, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE