UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KESHONE OWENS, | Case No. 2:19-cv-00126-RFB-BNW |
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Defendants. | |

### I.  INTRODUCTION

Before the court are three motions: Defendants' Motion to Stay the Proceeding, given a Pending Appeal (ECF No. 70); Plaintiff's Motion for Sanctions (ECF No. 77); and Defendants' Motion Objecting/Appealing the Order of a Magistrate Judge (ECF No. 85).

For the following reasons, the Court denies all three of these motions.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to the Court's March 2, 2020 Screening Order, this case was screened in accordance with 28 U.S.C. § 1915A(a). ECF No. 8. Plaintiff originally brought three claims: a Fourteenth Amendment Due Process claim, an Ex Post Facto Clause claim, and an Eighth Amendment Cruel and Unusual Punishment claim. The Screening Order only allowed Plaintiff's Ex Post Facto claim to proceed. Id. On March 3, 2020, Plaintiff's complaint was filed. ECF No. 9. On September 4, 2020, the parties participated in an Inmate Early Mediation Conference. ECF No. 19. A settlement was not reached.

On December 14, 2020, Parole Board Defendants and NDOC Defendants filed motions to

dismiss the proceeding.  ECF Nos. 29, 28. Briefing on these motions completed on February 1, 2021 and March 5, 2021, respectively.

On September 20, 2021, the Court held a hearing on Defendants' motions to dismiss.  After the hearing, the Court issued a "Minutes of Proceedings" in which it issued a Minute Order in which it granted the Parole Board Defendants' Motion (ECF No. 29) and denied NDOC Defendants' Motion (ECF No. 28) without prejudice.  ECF No. 45.  The Court also lifted the Order staying Discovery (ECF No. 35), and required the parties to submit a joint proposed plan/scheduling order by October 4, 2021, and further granted Defense counsel leave to produce an "in camera" privilege log. Id.  Plaintiff would then have until November 19, 2021 to file an amended Complaint with additional parties. Id.  The Court's Order stated: "Defendants are directed to provide Plaintiff in initial disclosures or through other discovery prior to November 19, 2021, the names of any employees of NDOC who are or were specifically tasked with recalculating sentences after the Nevada Supreme Court's decision in Williams v. State of Nevada Dept of Corr., 402 P.3d 1260 (Nev. 2017).  On September 27, 2021, Plaintiff moved for appointment of Counsel. ECF No. 47.  Briefing on Plaintiff's Motion for appointment of Counsel closed on October 18, 2021.

On October 5, 2021, NDOC Defendants ("Defendants") filed an Answer to Plaintiff's Complaint.  ECF No. 50. On October 12, 2021, Defendants filed a document titled "Unopposed Motion and Scheduling Order and Discovery Plan Per Court Order of September 20, 2021 (ECF No. 45)."  ECF No. 51, 52.  On October 13, 2021, the Court granted what it believed to be an Unopposed Discovery Plan.  ECF No. 54.  That same day, Defendants corrected the filing by Notice, changing the first word in the title of its filing from "Unopposed" to "Proposed."  ECF No. 55.

On October 25, 2021, Plaintiff filed his Opposition to Defendants' Scheduling Order and Discovery Plan.  ECF No. 57.  On November 8, 2021, the Magistrate Judge granted Plaintiff's motion for leave to seek counsel and referred him to the Pro Bono Program.  ECF No. 59.  On November 8, 2021, the Magistrate Judge issued a Minute Order construing Plaintiff's Opposition as a Motion for Reconsideration.  ECF No. 60.  The Magistrate Judge denied the Motion for

Reconsideration and clarified that Plaintiff would have until February 17, 2022 to "join other parties that have direct decision-making authority on how Plaintiff's credits shall be applied." ECF No. 60.

On November 9, 2021, the Transcript of The Court's September 20, 2021 "Order on Motion to Dismiss, Motion Hearing held on 9/20/2021. . ." was uploaded to the docket. ECF No. 61. On November 29, 2021, Plaintiff filed a Motion to Compel and a Motion to Extend Time to Complete Discovery. ECF No. 62-63. On December 1, 2021, the Magistrate Judge set a hearing for January 26, 2021, on Plaintiff's Discovery related motions. ECF No. 64. On December 9, 2021, 30 days from the date the hearing transcript was uploaded and 80 days from the date of the Court's Order, Defendants filed a Notice of Appeal. ECF No. 66.

On December 13, 2021, Defendants filed a Motion to Stay the Case as there was a pending appeal at the Circuit. ECF No. 70. Briefing for this motion ended on January 8, 2022. On January 10, 2022, Plaintiff filed a Motion for Sanctions, on the grounds that Defendants' Notice of Appeal was untimely. ECF No. 77. Briefing for this motion ended on January 24, 2022. On January 31, 2022, Plaintiff filed a Motion to Compel. ECF No. 80. Briefing for this motion ended on February 2, 2022.

On February 10, 2022, the Magistrate Judge held a hearing on Plaintiff's two Motions to compel (ECF Nos. 62, 80) and his Motion to Extend Discovery Deadlines (ECF No. 63), the transcript of which served as the opinion and order of the Court. ECF No. 84. The Magistrate Judge granted Plaintiff's Motions to compel but stayed the order to allow Defendants to raise objections to the District Court Judge in light of the pending appeal and pending motion to stay the case. Id. The Magistrate Judge also granted Plaintiff's Motion to Extend but set timelines contingent on the District Court's ruling on dispositive motions. Id.

On February 24, 2022, Defendants' filed their Objection/Appeal of the Magistrate Court Judge's Order. ECF No. 85. Plaintiff filed no response or reply. On April 7, 2022, Plaintiff renewed his Motion for Appointment of Counsel. ECF No. 90. The Magistrate Judge denied Plaintiff's renewed Motion for Appointment of Counsel as moot, since his case was still referred to the Pro Bono Program. ECF No. 92.

### III. DEFENDANTS' MOTION TO STAY THE CASE PENDING APPEAL

**A. Legal Standard**

    **i. Motion for a Stay**

A stay is "not a matter of right, even if irreparable injury might otherwise result." Virginian Ry. Co. v. United States, 272 U.S. 658, 672, 47 S. Ct. 222, 71 L. Ed. 463 (1926). "It is instead 'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" Nken v. Holder, 556 U.S. 418, 433 (2009) (internal citation marks omitted). The burden is on the moving party to demonstrate circumstances that justify an exercise of that discretion. Id. at 433-34.

In Nken, the Supreme Court set forth four factors that a Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceed; and (4) where the public interest lies." Id. at 434.

While establishing irreparable injury on its own does not guarantee a stay will be granted, *a failure* to establish irreparable injury requires the district court to deny the motion. See Leiva-Perez v. Holder, 640 F.3d 962, 965 (9th Cir. 2011). The district court is divested of its jurisdiction over the aspects of the case subject to proper appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). But when a party seeks to appeal a non-appealable order, the district court is not divested of jurisdiction. Id. at 388-389. Furthermore, an appeal is frivolous if its presentation of the district court's order is "wholly without merit." Amwest Mortg. Corp. v. Grady, 925 F.2d 1162, 1165 (9th Cir. 1991).

District Court decisions on motions to stay a proceeding pending appeal are reviewed for an abuse of discretion, but "this standard is somewhat less deferential" in this context. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1104 (9th Cir. 2005) (internal citations omitted).

"If a stay is especially long or its term is indefinite, we require a greater showing to justify it." Hoeun Yong v. INS, 208 F.3d 1116, 1118 (9th Cir. 2000) (holding that although the stay had

only lasted five months, its terms were indefinite since the circuit court case, when resolved, could be successfully appealed to the Supreme Court).

### ii. Appellate Review of Interlocutory Appeals involving Qualified Immunity concerns

"[A] valid notice of appeal divests the court of jurisdiction over all but tangential matters." Marks v. Clarke, 102 F.3d 1012, 1017 n. 8 (9th Cir. 1996). Section 1291 of Title 28, U.S.C., gives courts of appeals jurisdiction over "all final decisions" of district courts except those over which the Supreme Court has exclusive appellate jurisdiction. Although there are some exceptions, circuit courts do not normally have jurisdiction to hear an appeal of a district court order interlocutory order denying a motion to dismiss. United States v. Schemenauer, 394 F.3d 746, 748 (9th Cir. 2005).

Appellate courts generally have jurisdiction over an interlocutory appeal of the district court's denial of qualified immunity "notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); see generally Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S. Ct. 1221 (1949). In Behrens v. Pelletier, the Supreme Court clarified its holding in Mitchell, stating that "an order rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment stage is a "final" judgment subject to immediate appeal." 516 U.S. 299, 307 (1985). The Court explained that "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id. "[I]f the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law," even if the complaint survives dismissal, "the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." Id. at 306-07 (citing Mitchell, 472 U.S. at 526).

Although the qualified immunity defense may be raised multiple times across the pre-trial period, the Ninth Circuit warns that a "motion to dismiss on qualified immunity grounds puts the court in the difficult position of deciding 'far-reaching constitutional questions on a non-existent factual record.'" Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004).

### iii.    Validity of a Notice of Appeal

In civil cases, the timely filing of a notice of appeal is a strict jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 214 (2007); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (*per curiam*) (internal citations omitted); Hohn v. United States, 524 U.S. 236, 247 (1998).  As such, there is no equitable exception to filing a notice of appeal in the manner set forth in the Federal Rules of Appellate Procedure. See, generally, Fed. R. App. P. (4).

In most cases, to commence an appeal of a federal court decision, an appellant must file a notice of appeal with the district clerk within 30 days of entry of the judgment or order they seek to appeal. Fed. R. App. P. (4)(a)(1).  Exceptions apply where the moving party is the United States, a federal agency, a current employee of the United States being sued in their official capacity, and in some instances, former employees of the United States; exceptions to this rule also apply to incarcerated movants. See Fed. R. App. P. (4)(a)(2),(c).

If a party is unable to file a notice of appeal in time, they may move for an extension no more than 60 days after entry of the underlying judgment or order, i.e., they are given a 30-day grace period after their initial 30-day period to file a notice of appeal expires. Fed. R. App. P. (4)(a)(5)(A)(i).  If they move for an extension of time before the initial 30-day period to file the notice of appeal, a prospective appellant may make their motion *ex parte*, unless the court requires otherwise. (4)(a)(5)(B).  Furthermore, requests for extension of time to file an appeal are only granted for good cause or a finding of excusable neglect. Fed. R. App. P. (4)(a)(5)(A)(ii).

The Ninth Circuit strictly limits findings of excusable neglect under Rule 4(a) to "extraordinary" instances where injustice would otherwise result. Oregon v. Champion Int'l Corp., 690 F.2d 1300, 1301 (9th Cir. 1982) ("Extending the excusable neglect exception to clerical errors of counsel or counsel's staff would be inconsistent with the Advisory Committee's intent to limit the exception to extraordinary cases and would thwart the Rule's purpose of promoting finality of judgments."). Upon a finding of no excusable neglect for a late filing, it is an abuse of discretion for the district court to grant an extension of time. Sprout v. Farmers Ins. Exchange, 681 F.2d 587, 588 (9th Cir. 1982).  Thus, the rules contemplate numerous circumstances—and provides clear instructions—for what to do when one is at risk of filing a late notice of appeal:

move for an extension. See, e.g., Pettibone v. Cupp, 666 F.2d 333, 335 (9th Cir. 1981) (noting that Rule 4(a) "expressly requires" the filing of a motion for extension of time, and "expressly requires" that any such motion be filed during the 30-day grace period).

**B. Discussion**

The district court is divested of its jurisdiction over the aspects of the case subject to proper appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). To determine if there are any matters in this case over which this Court retains jurisdiction, the Court reviewed the status of the pending appeal.

After Defendants' commenced an Appeal at the Ninth Circuit, on December 20, 2021, the Deputy Clerk filed an Order to Show Cause because a "review of the record suggests that this court may lack jurisdiction over this appeal because the notice of appeal was not filed within 30 days after entry of the district court's September 20, 2021 order challenged in this appeal." The parties subsequently responded to the Order to Show Cause, Plaintiff doing so *pro se*. It should be noted that on December 12, 2021, Plaintiff filed a letter to the District Court docket, noting that he was confused about the status of the appeal.

On February 28, 2022, the Ninth Circuit issued an Order discharging its earlier Order to Show Cause and allowed the appeal to proceed. The Court "directed" the parties to address in their briefs "the basis for this court's jurisdiction over this appeal." The Court went on: "In particular, the parties should address whether the appeal is timely, see 28 U.S.C. § 2107(a), and whether this court has jurisdiction to review the denial of a motion asserting qualified immunity where the district court denied the motion without prejudice and without discussing the qualified immunity question. This court has determined that the appointment of pro bono counsel in this appeal would benefit the court's review. The court by this order expresses no opinion as to the merits of this appeal."

Pursuant to Ninth Circuit precedent, the District Court may independently investigate whether an appeal is frivolous or forfeited, even with a timely notice to appeal. See Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). "While a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants

to appear for trial, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction.  Accordingly, a district court may certify in writing that the appeal is frivolous or waived. Without such certification, the trial is automatically delayed until disposition of the appeal." Id.

The timely filing of a notice of appeal is a strict jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 214 (2007); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (*per curiam*) (internal citations omitted); Hohn v. United States, 524 U.S. 236, 247 (1998).  On December 9, 2021, 30 days from the date the hearing transcript was uploaded and 80 days from the date of the Court's Order, Defendants filed a Notice of Appeal.

Here, Defendants waived their *right to appeal* this Court's denial of their qualified immunity defense, without prejudice, at the Motion to Dismiss stage of pretrial proceedings. Defendants failed both to file a timely appeal or move at any time for a request for extension, flouting both sets of requirements in the Federal Rules of Appellate Procedure, Rule 4.  See Fed. R. App. P. (4)(a)(1), (a)(5)(A)(i).  As such, this Court does not reach the secondary analysis of whether Defendant's *qualified immunity* claims were frivolous or waived, or even apply the remaining Nken factors.

Although Defendants' own filings suggest that the operative order was issued on September 20, 2021, Defendants now argue that the window to file an appeal of that order began thirty days from the docketing of the hearing transcript rather than the order itself.  This is false.

There is a process for ordering transcripts after a hearing in this jurisdiction, referenced in the Local Rules and detailed on this Court's website.  The Defendants argument is premised on the assumption that all such orders will necessarily have transcripts completed and filed.  However, there is no such requirement in the Federal Rules of Civil Procedure or the Local Rules of this District.

Indeed, as already noted, there is a process for ordering transcripts—a process that would be redundant if the Local Rules *required* the filing of transcripts. Transcripts are not loaded to the docket as a matter of course.  Transcripts are only loaded to the docket if a party orders a transcript and requests delivery in that manner, or if a presiding judge, at her discretion, orders the transcript

1  be loaded.  The Local Rules state that transcripts of court proceedings are only provided to the
2  parties if they order and pay for the transcripts; these fees are non-taxable.  LR 54-3.  The only
3  type of hearing where the Court itself <u>must</u> order a transcript is an Evidentiary Hearing in a Death
4  Penalty case.  LSR 5-3 (emphasis added).  The Court website has a section explaining how a party
5  or counsel may order a transcript of a court proceeding.  Ordering Transcripts – District of
6  Nevada,    https://www.nvd.uscourts.gov/case-information/ordering-transcripts    (last   visited
7  September 30, 2022).

8  Defendants argue that since the Court's minutes from the September 20, 2021 hearing
9  states that the hearing transcript reflects the "opinion" and "order" of the court, it has 30 days from
10 the date the transcript is filed on the docket to file an appeal.  According to Defendants, the 30-
11 day window to file an appeal only starts when the transcript has been filed.

12 Defendants cite to two Ninth Circuit cases for two related propositions.  First, they cite to
13 <u>National Distribution Agency v. Nationwide Mut. Ins. Co.</u>, 117 F.3d 432, 433 (9th Cir. 1997) for
14 the proposition that orders are only final and appealable when they show that the court intends for
15 the ruling to be its final act on the matter.  They then argue that the Ninth Circuit applied this
16 reasoning in <u>Meyer v. Portfolio Recovery Associates, LLC</u>, 707 F.3d 1036, 1041 (9th Cir. 2012)
17 to hold that a minute order was not the final decision of a trial court.

18 The Court finds that the holdings in <u>National Distribution</u> and <u>Meyer</u> are related to one
19 another but are irrelevant to the present case. In <u>National Distribution</u>, the Ninth Circuit found it
20 did not have jurisdiction over the appeal of a court order, because the order was not final. 117 F.3d
21 at 434.  Specifically, the underlying order stated: "The Court may amend or amplify this order
22 with a more specific statement of the grounds for its decision."  <u>Id</u>.  In <u>Meyer</u>, the Ninth Circuit
23 also found it did not have jurisdiction based on the appeal of a minute order issued after a hearing,
24 because at the hearing, the District Court Judge stated that a written order would follow.  707 F.3d
25 at 1040.

26 The order in this case was not conditional.  Defendants' cited cases establish that a minute
27 order is unappealable if the District Court, through its choice of language, reveals that the minute
28 order does not represent a final decision. Here, the Court did not state at the September 20, 2021

hearing that a written order would follow or that the decision reached at the hearing would be supplemented or amended by later order or document.  The Court's 20, 2021 Order, appearing on the docket at ECF No. 45, fully captured its decision to deny Defendants' motion to dismiss: it was denied.  Because this appeal turns on qualified immunity, interlocutory appeal is allowed in this case.  Behrens v. Pelletier, 516 U.S. at 407.  The Court issued its order on September 20, 2021.  Thirty days from that date is October 20, 2021.  Defendants had an opportunity to order the transcript by that date but chose not to do so.

To the degree Defendants were unable to file their Notice of Appeal by October 20, 2021—because they could not receive the transcript of the hearing in time, had trouble paying for the same, or some other reason—Defendants were required to move for an extension of time by November 20, 2021, as all litigants are required to do.  Fed. R. App. P. (4)(a)(5)(A)(i).  The Court would have then granted such a motion if it found good cause or excusable neglect for the delay.  Id; see also Sprout v. Farmers Ins. Exchange, 681 F.2d 587, 588 (9th Cir. 1982).  Instead, Defendants filed an untimely notice of appeal 80 days after the Court issued its order.

In writing this order, the Court certifies that this appeal is waived and denies Defendants' stay request.  Failure to do so would amount to an abuse of discretion, as this Court would be violating longstanding Ninth Circuit and Supreme Court precedent that an appellate court lacks jurisdiction over any untimely filed appeal.  See Lockyer v. Mirant Corp., 398 F.3d 1098, 1104 (9th Cir. 2005) (internal citations omitted).  Moreover, in this case, the Court denied the motion to dismiss without prejudice to allow for the defense of qualified immunity to be raised again in the litigation while also allowing Plaintiff an opportunity to fairly respond to any such arguments, especially where the Court finds that the Defendants have information in their position that the Plaintiff does not have but is entitled to receive.

### IV.   PLAINTIFF'S MOTION FOR SANCTIONS

#### A. Legal Standard

A court on its own initiative may order a party "to show cause why conduct specifically

described in its order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Sanctions imposed may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," subject to some limitations. See Fed. R. Civ. P. 11(c)(5).

Sanctions for improper conduct "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This is Rule 11's "safe harbor" provision. This provision states that although a motion for sanctions must be served like any other motion, it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). "The purpose of the safe harbor . . . is to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original).

The analysis under Rule 11, however, does not require the Court to make a finding of bad faith. "[W]hile the narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders, many of the other mechanisms permit a court to impose attorney's fees as a sanction for conduct [that] merely fails to meet a reasonableness standard. Rule 11, for example, imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (internal citation omitted).

### B. Discussion

Plaintiff argues that Defendants lied to the court when they represented their appeal as "timely" and that they should be sanctioned for "their bad faith and unnecessary delay." Defendants argue that because Plaintiff did not send them the motion for sanctions 21 days before filing it with the Court, Plaintiff's motion must be dismissed for violating the safe harbor provision in Rule 11.

The Ninth Circuit strictly enforces Rule 11's safe harbor provision. See Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005); see also Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) ("An award of sanctions cannot be upheld" where the movant does not comply with the twenty-one day notice requirement); Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 826 (9th Cir. 2009) (finding "no basis" for awarding sanctions where the moving party violated safe harbor provision); Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001) (reversing district court's grant of Rule 11 sanctions where the moving party did not comply with the safe harbor provision).

"[S]anctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it." Islamic Shura Council of S. Cal. v. FBI, 757 F.3d 870 (9th Cir. 1990) (internal citation omitted).  Here, Plaintiff never gave Defendants the chance to withdraw their untimely appeal, in the manner required by the procedural rules, because he did not serve Defendants with his motion 21 days before filing it with the Court. Although Plaintiff is *pro se*, and the Court leniently views his filings including those that violate the rules of civil procedure, the Court must deny his motion for sanctions for violating the safe harbor provision of Rule 11.  See Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005); see also Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) (noting that failure to comply with the safe harbor provision precludes an award of Rule 11 sanctions).

## V. DEFENDANTS' MOTION OBJECTING/APPEALING THE ORDER OF A MAGISTRATE COURT JUDGE

### A. Legal Standard

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's order generally operates as a final determination. LR IB 1-3.  But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [...] that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). "'Clear error occurs when 'the reviewing

court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (quoting United States v. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citations omitted).

However, in reviewing the order, the court applies the deferential abuse-of-discretion standard; the magistrate judge's order will be reversed only if the magistrate judge abused her broad discretion. Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007); see also Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (holding a judge abuses their discretion only when their decision is contrary to law or clear error based on the evidence).

### B. Discussion

Magistrate Judge Weksler granted Plaintiff's motions to compel and his motion for extension of time.

Plaintiff filed a motion to compel the limited discovery ordered by this Court in its September 21, 2021 minute order: "Defendants are directed to provide Plaintiff in initial disclosures or through other discovery prior to November 19, 2021, the names of any employees of NDOC who are or were specifically tasked with recalculating sentences after the Nevada Supreme Court's decision in Williams v. State of Nevada Dept of Corr., 402 P.3d 1260 (Nev. 2017)." See ECF No. 45.  Magistrate Judge Weksler construed the motion as a motion to enforce a prior order (the Court's September 21, 2021 Minute Order) and granted it. She noted that if Defendants believed that they had complied with that order, they could make that response within the Discovery process.

Next, Judge Weksler found that the appeal order from the Ninth Circuit did not explicitly address matters of qualified immunity as it related to discovery, and that there was no controlling precedent confirming that discovery would be automatically stayed in light of such an appeal. In issuing her decision, Judge Weksler noted that the Court may certify in writing that the appeal is

frivolous or waived; absent that, the matter could be stayed. Judge Weksler took notice of Defendants' motion to stay the whole proceeding and pointed out that Defendants could have alternatively moved to stay discovery more specifically. Judge Weksler further stayed the effective date of her order in light of Defendants' then pending motion to stay the case, which was yet to be decided by the Court.

The Court cannot find that Magistrate Judge Weksler acted arbitrarily or capriciously. Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975). However, because the Court denies Defendants' motion to stay, in writing, as waived, the Court also cannot adopt the reasoning in Judge Weksler's order in full.

First, Defendants' objection is denied as to Judge Weksler's granting of Plaintiff's motion to enforce a prior order (as she fairly construed Plaintiff's motion to compel to be a motion to enforce a prior order). See United States v. Qazi, 975 F.3d 989, 993 (9th Cir. 2020) (noting that "courts are specifically directed to construe *pro se* pleadings liberally" and that "[t]his duty applies equally to pro se motions and with special force to filings from *pro se* inmates.") (internal citations and quotation marks omitted).

Second, Defendants' remaining objections must be denied as moot, as the Court does not reach the question of whether discovery can be automatically stayed when a case is appealed on qualified immunity grounds because the Court finds that here, the appeal was untimely. It has written its observation to that effect in writing, noting the appeal as waived.

## VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants motion to stay the case pending appeal (ECF No. 70) is DENIED, Plaintiff's motion for sanctions is DENIED (ECF No. 77), and Defendants' motion objecting/appealing the Magistrate Judge's order (ECF No. 85) is DENIED in part on the merits and in part as moot. The matter is referred to the Magistrate Judge to identify new deadlines in accordance with this order.

It has come to the Court's attention that efforts to find Plaintiff counsel were paused while the Court considered Defendants' motion for a stay pending appeal. Therefore, **IT IS FURTHER ORDERED** that the matter is STAYED for ninety days and **RE-REFERRED** to the Pro Bono Program for assignment of counsel.

DATED September 30, 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE