UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Keshone Owens, | Case No. 2:19-cv-00126-RFB-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| James Dzurenda et al., | |
| Defendants. | |

On May 17, 2024, the Court received notice that Plaintiff's mail was returned as undeliverable because he was at High Desert State Prison ("HDSP"). ECF No. 118. It promptly issued a minute order directing Plaintiff to update his address by June 19, 2024, and warning him that failure to do so may result in dismissal of his case. ECF No. 119. In the same minute order, the Court asked the Clerks' Office to mail a copy of the minute order to the Plaintiff at HDSP given the notes on his returned mail. *Id.* After Plaintiff did not update his address by the deadline, the Court again issued a minute order directing him to do so within 14 days. ECF No. 120. The Clerks' Office sent a copy of the minute order to Plaintiff at HDSP. It has now been almost one month since this order, and Plaintiff has still not updated his address. As a result, the Court recommends that this case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff has failed to update his address, despite two court orders to do so, the only alternative is to enter a third order directing Plaintiff to participate in his case. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive the Court's two previous orders, given that the Court confirmed Plaintiff's location at HDSP on the Nevada Department of Corrections website and asked the Clerks' Office to mail the minute orders to him there. The Clerks' Office confirmed that it mailed the minute orders to HDSP. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

///

///

///

///

1    **IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED**
2    for failure to comply with a court order.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 24, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE